**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**MATTHEW W. BARNETT,
ADC #135607**                                                                                           **PLAINTIFF**

**V.**                           **CASE NO. 4:14-CV-00699 BSM/BD**

**DOC HOLLADAY, et al.**                                                                 **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.**     **Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Chief Judge Brian S. Miller. You may file written objections to this Recommendation. If you file objections, they must be specific and must include the factual or legal basis for your objection. Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing the record. By not objecting, you may also waive any right to appeal questions of fact.

**II.**     **Background:**

Matthew Barnett, an Arkansas Department of Correction ("ADC") inmate formerly housed at the Pulaski County Regional Detention Facility ("PCRDF"), filed this lawsuit pro se alleging that the Defendants violated his constitutional rights while he was

housed at the Detention Facility.[1] Based on the allegations in his original, first amended, and second amended complaints (docket entries #2, #10, #31), the Court determined that Mr. Barnett had stated a first amendment access-to-the-courts claim against Defendant Hillard, as well as deliberate-indifference claims against Defendants Holladay, Brawley, and Hillard.

Mr. Barnett later moved to amend his complaint to add deliberate-indifference claims against Defendants Ballard, Morgan, and Martin, which the Court granted. (#32)

Mr. Barnett moved for summary judgment. (#76, #88) After the Defendants responded to that motion, they moved for summary judgment. (#98) Mr. Barnett has responded to the Defendants' motion, and the Defendants have replied. (#109, #110, #111, #112, #113, #114, #115, #116, #117, #118, #119, #120)

**III.    Discussion:**

    A.    Standard

In a summary judgment, the court rules in favor of a party before trial. A party is entitled to summary judgment if the evidence, viewed in the light most favorable to the

---

[1] Mr. Barnett was incarcerated at the PCRDF from January 31, 2014, until August 27, 2014, when he was transferred to the ADC. On May 7, 2014, Mr. Barnett was convicted of state-court criminal charges. (#101-1 at p.1) Accordingly, on that date, his status changed from a pre-trial detainee to a convicted person. In his response to the Defendants' motion, Mr. Barnett explains that he was placed in custody based on a parole hold in February 2014, and his parole was revoked in April 2014. As a result, he claims that he was a pre-trial detainee until May 2014. (#114 at pp.1-2) This distinction makes little practical difference because the same deliberate-indifference standard applies in either case. *Morris v. Zefferi*, 601 F.3d 805, 809 (8th Cir. 2010).

party or parties on the other side of the lawsuit, shows that there is no genuine dispute as to any fact that is important to the outcome of the case. FED.R.CIV.P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 246, 106 S.Ct. 2505 (1986).

    B.    First Amendment Claim

On June 10, 2013, Mr. Barnett filed a civil action in this Court against Americom Bank and Direct Express Payment Processing Services, E.D. Ark. Case No. 4:13cv347 HDY/SWW. On January 27, 2014, the Honorable H. David Young recommended that Mr. Barnett's claims be dismissed. On February 14, 2014, Judge Susan Webber Wright dismissed Mr. Barnett's claims.

Mr. Barnett now alleges that he was prevented from timely objecting to Judge Young's recommended decision because PCRDF officials failed to provide him postage until March 6, 2014. In addition, Mr. Barnett alleges that he was not permitted to file a timely notice of appeal related to that action. (#114 at p.2)

An allegation that prison officials impeded access to the courts, standing alone, does not amount to a constitutional violation. This constitutional violation requires a showing that a defendant kept the prisoner from litigating a claim and, by this misconduct, caused the prisoner to suffer an actual injury. *White v. Kautzky*, 494 F.3d 677, 680 (8th Cir. 2007). To show an actual injury, the prisoner must show that a non-frivolous legal claim was "frustrated or . . . impeded." *Id*.

The United States Supreme Court has explained that an inmate is not guaranteed the ability to file "everything from shareholder derivative actions to slip-and-fall claims." *Lewis v. Casey*, 518 U.S.C 343, 355 (1996). Instead, "[t]he tools [inmates are] to be provided are those that inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement, impairment of any other litigation capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id*.

In this case, Mr. Barnett claims that the Defendants impeded his right to pursue a breach-of-contract claim. Even if Mr. Barnett's allegations are true, pursuit of this kind of claim is not constitutionally protected activity. For this reason, Mr. Barnett's first amendment claim should be dismissed, with prejudice.

    C.    Environmental Tobacco Smoke Claim

Mr. Barnett also claims that he was exposed to environmental tobacco smoke ("ETS") during his incarceration at the PCRDF. In his original complaint, Mr. Barnett alleged that he had suffered "severe headaches, dizziness, nausea, vomiting, breathing difficulties, [pain in his lungs], shortness of breath, sinus problems, chest pains, watery eyes, a change in his voice, heart palpitations, labored breathing[,] and choking sensations." (#2 at p.11) In his amended complaint, he added that he had also suffered burning eyes, nose bleeds, and emotional anguish. According to Mr. Barnett, because

Defendants Holladay, Brawley, Hillard, Ballard, Morgan, or Martin caused him to be exposed to ETS, they were deliberately indifferent to his welfare and safety.

In response to Mr. Barnett's deliberate-indifference claim, Defendants first argue that Mr. Barnett failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). The PLRA requires dismissal of any claim that was not fully exhausted prior to the filing a civil lawsuit under 42 U.S.C. § 1983. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining the proper exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (holding an inmate must exhaust all available administrative remedies before filing suit, and "[i]f exhaustion was not completed at the time of filing, dismissal is mandatory"). While the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007).

Prisoners can be excused from exhausting administrative remedies, but only when correction officials have prevented them from using grievance procedures or when the officials themselves have not complied with the administrative procedures. *Miller v.*

*Norris*, 247 F.3d 736, 740 (8th Cir. 2001); *Foulk v. Charrier*, 262 F.3d 687, 697–98 (8th Cir. 2001).

Here, Defendants offer the affidavit of Defendant Nancy Brawley, Administrative Sergeant and Grievance Officer at the PCRDF. (#101-3) According to Ms. Brawley, Mr. Barnett filed three grievances relating to his exposure to ETS while he was housed at the PCRDF. (#101-3 at p.2)

On May 5, 2014, Mr. Barnett filed his first grievance regarding this issue, grievance 14-1468. (#101-3 at p.7) In that grievance, Mr. Barnett specifically complained that he was continually exposed to ETS at the PCRDF and that the exposure caused injury to his lungs. (*Id*.) On May 8, 2014, Defendant Brawley issued her decision on that grievance, explaining that the facility does not allow smoking inside the building and that if Mr. Barnett observed anyone smoking, he should notify his unit deputy. (#101-3 at p.8) It is undisputed that on May 9, 2014, Mr. Barnett refused to sign the returned grievance and did not appeal the decision. (*Id*.)

On July 21, 2014, Mr. Barnett filed his second grievance regarding his exposure to ETS. (#101-3 at p.9) That grievance was deemed to be duplicative of the first grievance. (*Id*.)

On July 29, 2014, Mr. Barnett filed his third grievance regarding this issue. (#101-3 at p.11) In that grievance, he complained that a sergeant entered his unit and said he smelled cigarette smoke. (#111 at p.14) As punishment, the sergeant turned off the

television. (*Id*.) Mr. Barnett goes on to explain that he has been breathing cigarette smoke from February 2014 through the date that he filed the grievance at issue.

That grievance was returned to Mr. Barnett with a request that Mr. Barnett provide the name of the sergeant who allegedly smelled tobacco smoke. It is undisputed that Mr. Barnett failed to re-submit that grievance.

On October 20, 2014, after Mr. Barnett was transferred to the ADC, he submitted another grievance regarding his exposure to ETS. Because Mr. Barnett was no longer housed at PCRDF and had not filed the grievance within fifteen days after the incident occurred, as required by the PCRDF policy, no decision was issued.

Based on this evidence, Defendant Brawley testified, Mr. Barnett failed to fully exhaust any grievance relating to his exposure to ETS because he did not appeal any grievance decision relating to this issue.

In his response to the Defendants' motion, Mr. Barnett claims that Defendant Brawley prevented him from exhausting his administrative grievances, and that some of his grievances were never returned. (#109 at p.4) Mr. Barnett specifically references grievances that he submitted on May 21, 2014, June 20, 2014, July 21, 2014, July 29, 2014, and August 11, 2014. The Court will address each grievance individually.

In Mr. Barnett's grievance dated May 21, 2014, he complains that he was not allowed to take his shirt off in the bathroom that he said smelled like smoke. (#111 at p.8) Mr. Barnett also complains that "this is the same officer who said he smels [sic]

smoke, said he sees who has it and told them to put it out. Then said he could still see it 'put it out' and did not press forward." (*Id.*) Mr. Barnett goes on to mention that he has previously filed "information regarding smoke." (*Id.*)

In the portion of the grievance form where the inmate is asked to explain what he wants to happen to solve the problem, Mr. Barnett wrote, "Explain how I am wrong. I need his full name and I.D. number." *Id*.

In the grievance officer's decision in response to that grievance, Defendant Brawley indicated that "this is a non-grievable issue." (#111 at p.9) The Court assumes that this issue is non-grievable based on the relief requested by Mr. Barnett. However, even assuming that Mr. Barnett was prevented from fully exhausting this grievance, this grievance does not address Mr. Barnett's complaint that he was continually exposed to ETS while he was housed at the PCRDF, that the Defendants were aware that he was consistently exposed to ETS, and that such exposure has caused him to suffer physical injury. As a result, it does not create a genuine question of material fact on the exhaustion issue.

On July 18, 2014, Mr. Barnett submitted another grievance. Defendant Brawley specifically noted in the grievance officer's decision that the issues raised in Mr. Barnett's grievance were "already addressed."[2] (#101-3 at p.10) In that grievance, Mr. Barnett

---

[2] Although Mr. Barnett mentions that he filed this grievance on July 21, 2014, the grievance was actually submitted on July 18, 2014. (#111 at p.12)

states that he has "repeatedly brought this [issue] to the jail employees' attention." (#101-3 at p.9) That grievance was denied as duplicative of grievance 14-1468, which Mr. Barnett did not appeal.

In the grievance that Mr. Barnett submitted on July 29, 2014, as previously mentioned, he complains that a sergeant entered his unit and smelled cigarette smoke. (#111 at p.14) To solve this problem, Mr. Barnett suggests that inmates be prohibited from accessing the commissary, rather than having the television turned off for forty-eight hours, as punishment for violating the PCRDF's non-smoking policy.

In response to that grievance, Defendant Brawley requested that Mr. Barnett obtain the name of the sergeant who entered his unit. (*Id*.)

Mr. Barnett responded by explaining:

> I did not mean any seg[.] allowed smoking. I me[a]nt to say there was smeal [sic] of smoke he said. So the t.v. was shut off for 48 hours. I'm against smoking in my face and it continues daily all over this jail. Should I find a lawyer that can set non-smoker away from smoker and whatever else comes out of it?

(*Id*. at p.15)

Because no response was provided to Mr. Barnett's comments, Mr. Barnett complains that he was prohibited from fully exhausting this grievance.

Again, even assuming Mr. Barnett was prohibited from appealing this grievance, this grievance focuses on the fact that the television was turned off as punishment for an inmate's (or inmates') use of tobacco products. Although in his grievance appeal Mr. Barnett complains about a widespread smoking problem at the PCRDF, that is not the

focus of the grievance at issue. Furthermore, in this grievance, Mr. Barnett does not mention that his exposure to ETS at the PCRDF has caused him to suffer (or will cause him to suffer) any health problems; nor does he complain that the Defendants acted with deliberate indifference to his health and safety by allowing exposure to ETS.

The grievances that Mr. Barnett filed on June 19, 2014, and August 8, 2014, do not pertain to his claim that the Defendants acted with deliberate indifference to his welfare and safety by allowing inmates' exposure to ETS.[3] Rather, in the grievance submitted on June 19, 2014, Mr. Barnett complains about his legal mail and Defendant Brawley's failure to provide him adequate legal supplies. (#111 at p.10) In the grievance Mr. Barnett submitted on August 8, 2014, he complains about the amount of indigent supplies that he is able to receive monthly. (#111 at p.16) Thus, those grievances are irrelevant to the exhaustion argument.

Based on the undisputed evidence presented by the parties, Mr. Barnett did not fully exhaust any grievances regarding his claim that Defendants Holladay, Brawley, Hillard, Ballard, Morgan, or Martin were deliberately indifferent to his safety by allowing him to be exposed to ETS during his incarceration at the PCRDF. Likewise, Mr. Barnett has produced no evidence showing that the Defendants prohibited him from fully exhausting grievances regarding his exposure to ETS. Thus, the Defendants are entitled

---

[3] Although Mr. Barnett states that he submitted these grievances on June 20, 2014, and August 11, 2014, these grievances are dated June 19, 2014, and August 8, 2014. (#111 at pp.110, 6)

to judgment as a matter of law. Mr. Barnett's claim regarding his exposure to ETS should be dismissed, without prejudice, for failure to exhaust administrative remedies.

## IV. <u>Conclusion</u>:

The Court recommends that the Defendants' motion for summary judgment (#98) be GRANTED and that Mr. Barnett's motions for summary judgment (#76, #88) be DENIED, as moot. Mr. Barnett's first amendment claim should be DISMISSED, with prejudice. His deliberate-indifference claims should be DISMISSED, without prejudice, based on his failure to fully exhaust his administrative remedies.

DATED, this 1st day of December, 2015.

_____
UNITED STATES MAGISTRATE JUDGE